ALICEA, PLAINTIFF AND APPELLANT, *v.* ABOY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 1303.—Decided July 28, 1915.

AUTOMOBILES—PUBLIC CARRIER SERVICE—EMPLOYEE—NEGLIGENCE—LIABILITY OF OWNER.—The owner of an automobile or other vehicle is not liable for the acts of fault or negligence of a servant employed by him as *chauffeur* unless the automolibe forms part of a public carrier service, although the owner may be traveling in the automobile or vehicle at the time of the occurrence of the negligent or culpable act of his employee, for the statutes have not imposed such liability upon him in the specified exceptions to the general rule that he is liable for his own acts or omissions.

The facts are stated in the opinion.

*Messrs. José Tous Soto* and *Manuel Tous Soto* for the appellant.

*Messrs. Charles Hartzell* and *F. Ramírez de Arellano* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the case of *Vélez* v. *Llavina,* 18 P. R. R. 634, after careful consideration we held that the owner of an automobile or other vehicle is not liable for the acts of fault or negligence of a servant employed by him as *chauffeur* if the said automobile does not form part of a public carrier service.

In the appeal taken in the present case from the judgment of the District Court of Humacao dismissing the complaint against defendant Ramón Aboy Benítez on the ground that it did not set up a cause of action, the doctrine laid down in the case of *Vélez* v. *Llavina* is not assailed, but it is contended that it is not applicable here because appellee Aboy was traveling in the automobile which his *chauffeur* was driving when the latter negligently caused the injury for which damages are claimed from the owner of the automobile.

This case is in no way different from that of *Vélez* v. *Llavina, supra,* for, as the law attaches liability to the owner of an automobile for the fault or negligence of his servant employed as *chauffeur* only when the vehicle is used in a public enterprise or business, the owner is not liable although he may be traveling in the automobile at the time of the occurrence of the negligent act or fault of his employee, for the exceptions specifically made to the general rule that a person shall answer for his own acts and omissions do not impose such liability upon him.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison dissented.